UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

SAMUEL C. ROGERS,

    Plaintiff,

v.

STATE OF MICHIGAN, ET AL.,

    Defendants.

                                               /

Case No. 18-cv-11064

UNITED STATES DISTRICT COURT JUDGE
GERSHWIN A. DRAIN

UNITED STATES MAGISTRATE JUDGE
R. STEVEN WHALEN

**OPINION AND ORDER DENYING PLAINTIFF'S MOTION FOR RECONSIDERATION [#14]**

**I. INTRODUCTION**

Plaintiff first initiated this action on March 28, 2018. Dkt. No. 1. On June 26, 2018, the Court entered an Order of Summary Dismissal, finding Plaintiff's Complaint incomprehensible and legally frivolous. Dkt. No. 9. That same day, the Court entered a Judgment in favor of Defendants and against Plaintiff. Dkt. No. 10.

On September 18, 2018, Plaintiff refiled a Complaint in this case. Dkt. No. 12. Then, on October 24, 2018, Plaintiff filed a Rebuttal to the Closing of the Case. Dkt. No. 14. The Court will construe Plaintiff's Rebuttal as a Motion for Reconsideration.

Present before the Court is Plaintiff's Motion for Reconsideration [#14]. Because Plaintiff's Motion for Reconsideration is untimely and does not provide evidence that the Court made palpable errors that would result in a different disposition of the case, the Court will DENY the Motion [#14].

## II. LEGAL STANDARD

Eastern District of Michigan Local Rule 7.1(h) governs motions for reconsideration. Local Rule 7.1(h)(1) provides that a motion for reconsideration must be filed within 14 days after entry of the judgment or order. E.D. Mich. LR 7.1(h)(1). To prevail, the movant "must not only demonstrate a palpable defect by which the Court and the parties and other persons entitled to be heard on the motion have been misled but also show that correcting the defect will result in a different disposition of the case." E.D. Mich. LR 7.1(h)(3). "A 'palpable defect' is a defect which is obvious, clear, unmistakable, manifest, or plain." *Hawkins v. Genesys Health Systems*, 704 F. Supp. 2d 688, 709 (E.D. Mich. 2010) (quoting *Ososki v. St. Paul Surplus Lines Ins. Co.*, 162 F. Supp. 2d 714, 718 (E.D. Mich. 2001)).

## III. DISCUSSION

Under 28 U.S.C. § 1915(e)(2), courts must dismiss actions that are "frivolous or malicious." 28 U.S.C. § 1915(e)(2)(B)(i). That provision also

mandates that courts dismiss a case if it "fails to state a claim on which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii).

In its previous Order, the Court determined that Plaintiff's Complaint had to be dismissed because the claims were incomprehensible and legally frivolous. *See* Dkt. No. 9. Further, that the Court lacked subject-matter jurisdiction over the action. *See id.* Plaintiff's Motion for Reconsideration does not demonstrate that the Court made a palpable error in dismissing his Complaint; rather, Plaintiff simply asserts that the Court refused to listen to his claims. *See* Dkt. No. 14, p. 8 (Pg. ID 175). This does not satisfy Plaintiff's burden in a motion for reconsideration. *See* E.D. Mich. LR 7.1(h)(3). Moreover, Plaintiff's Motion is untimely, as his deadline for filing the Motion was July 10, 2018. *See* E.D. Mich. LR 7.1(h)(1) (motion for reconsideration must be filed within 14 days after entry of the judgment or order). Accordingly, Plaintiff's Motion must be denied.

## IV. CONCLUSION

For the reasons discussed herein, the Court will DENY the Plaintiff's Motion for Reconsideration [#14].

IT IS SO ORDERED.

Dated: October 31, 2018

s/Gershwin A. Drain
HON. GERSHWIN A. DRAIN
United States District Court Judge

CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing document was mailed to the attorneys of record on this date, October 31, 2018, by electronic and/or ordinary mail.

                                                s/Teresa McGovern
                                                Case Manager